UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WANDA WEEKS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number |
| | ) **2:18-cv-01784-AKK** |
| **ANDREW SAUL**,[1] | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Wanda Weeks brings this action pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the Administrative Law Judge's ("ALJ") denial of disability insurance benefits and supplemental security income, which has become the final decision of the Commissioner of the Social Security Administration ("SSA"). For the reasons explained below, the court finds that the ALJ applied the correct legal standards and that her decision is supported by substantial evidence. Therefore, the court affirms the decision denying benefits.

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and replaces Nancy Berryhill as the defendant in this action pursuant to Federal Rule of Civil Procedure 25(d)(1).

## I. PROCEDURAL HISTORY

Weeks worked as an assembly press operator, inspector, department manager, cashier/checker, wire worker, line worker, and administrative clerk for many years until she stopped working at age 54 due to her alleged disability. R. 24, 171, 178, 207-08. Thereafter, Weeks filed applications for disability insurance benefits and supplemental security income, alleging that she suffered from a disability, beginning October 3, 2015,[2] due to osteoarthritis, fibromyalgia, nerve damage, depression, degenerative disc disease in neck, sleep problems, thyroid disease, and carpal tunnel syndrome. R. 71, 200, 207. After the SSA denied her applications, R. 95, 100, Weeks requested a hearing, R. 105. Subsequently, an ALJ entered a decision finding that Weeks was not disabled. R. 15-25. The SSA Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. R.1. Having exhausted her administrative remedies, Weeks timely filed this petition for review pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g). Doc. 1.

## II. STANDARD OF REVIEW

Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not

---

[2] Weeks initially alleged on onset date of July 2, 2014, but amended it to October 3, 2015 before her hearing. R. 200.

reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "'reasonable and supported by substantial evidence.'" *Id.* (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "'[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against those findings. *See id.* While judicial review of the ALJ's findings is limited in scope, it "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

In contrast to the deferential review accorded the Commissioner's factual findings, "conclusions of law, including applicable review standards, are not presumed valid" and are subject to de novo review. *Martin*, 894 F.2d at 1529. The Commissioner's failure to "apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed" requires reversal. *Id.*

### III. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable

3

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 416(i)(1). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the ALJ must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment or combination of impairments meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*See McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* (citing 20 C.F.R. § 416.920(a)-(f)). "Once [a] finding is made that a claimant cannot return to prior

4

work, the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). However, the claimant ultimately bears the burden of proving that she is disabled, and, "consequently [s]he is responsible for producing evidence in support of [her] claim." *See, e.g.*, *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.945(a), (c)).

## IV. THE ALJ'S DECISION

In applying the five-step analysis, the ALJ first determined that Weeks had not engaged in substantial gainful activity since the alleged onset date of her disability. R. at 17.[3] The ALJ proceeded to Step Two, finding that Weeks had the severe impairments of varicose veins in the bilateral lower extremities, degenerative disc disease, and osteoarthritis. R. at 17. At Step Three, the ALJ concluded that Weeks's impairments, or combination of impairments, did not "meet[] or equal[] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." R. at 18.

Next, the ALJ determined Weeks's residual functional capacity ("RFC"), stating that:

> [Weeks] has the [RFC] to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and CFR 416.967(b). She can

---

[3] In her analysis, the ALJ incorrectly identified Weeks's alleged onset date as July 2, 2014, *see* R. 17, but the ALJ noted at the beginning of her opinion that Weeks amended her alleged onset date to October 3, 2015, R. 15.

> lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand/walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. She can never climb ladders, ropes or scaffolds. She can frequently crawl, crouch, kneel, stoop, balance and climb ramps and stairs. She should avoid all exposure to unprotected heights.

R. at 18. Based on Weeks's RFC, and relying on the testimony of a vocational expert, the ALJ found at Step Four that Weeks "is capable of performing past relevant work as an assembly press operator, an inspector, a cashier checker, an administrative clerk, and a wire worker." R. at 24. Thus, the ALJ did not proceed to Step Five, and she concluded at Step Four that Weeks was not disabled from July 2, 2014 through October 30, 2017, the date of her decision. R. at 24.

## V. ANALYSIS

On appeal, Weeks argues that the ALJ erred by: (1) failing to consider all of her impairments and the effects of her combination of impairments, (2) failing to assign proper weight to the opinions of her treating physicians, and (3) failing to properly assess her credibility. The court addresses these contentions in turn.

### A. Whether the ALJ properly considered Weeks's impairments and combination of impairments

Weeks asserts the ALJ failed to consider the combined effects of her impairments and failed to evaluate the severity of her carpal tunnel syndrome and the impact of a 2013 cervical fusion surgery. Doc. 9 at 14-17. The ALJ must consider the combined effect of all of a claimant's impairments, both severe and non-severe, in evaluating disability, and "it is the duty of the . . . [ALJ] to make

6

specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1986). *See also* 20 C.F.R. §§ 404.1523(c); 416.923(c). The Eleventh Circuit has "repeatedly held that an ALJ's finding regarding a claimant's 'impairment or combination of impairments' established that the ALJ had indeed considered the impact of the claimant's combined impairments." *Reliford v. Barnhart*, 157 F. App'x 194, 196 (11th Cir. 2005) (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002).

Turning to the specifics here, at Step Two, the ALJ found that Weeks had three severe impairments: "varicose veins in the bilateral lower extremities; degenerative disc disease and osteoarthritis." R. 17. The ALJ then found that Weeks "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments," noting that "no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." R. 18. Contrary to Weeks's contention, these statements demonstrate that the ALJ did in fact consider the combined effects of Weeks's impairments. *See Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011) (citing *Jones v. Dept. of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991)); *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002). Moreover, in her analysis of Weeks's RFC, the ALJ

discussed the medical evidence from the relevant time period regarding each of Weeks's impairments, including the non-severe impairments. *See* R. 20-24. That discussion provides further evidence that the ALJ considered the combined effects of the impairments in reaching her decision, and Weeks's contention otherwise is unavailing.

Weeks also contends that the ALJ erred by failing to consider her full medical history, particularly her history of carpal tunnel syndrome and cervical fusion surgery for neck pain. Doc. 9 at 14-16. The ALJ "must take into account and evaluate the record as a whole," *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) (citation omitted), but the ALJ is not required to "'specifically refer to every piece of evidence in [her] decision,' so long as the decision is sufficient to allow [the court] to conclude that the ALJ considered the claimant's medical condition as a whole," *Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 851 (11th Cir. 2006) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). In addition, before finding that a claimant is not disabled, the ALJ should "develop [the claimant's] complete medical history for at least the 12 months preceding the month in which [she] file[d] [her] application unless there is a reason to believe that development of an earlier period is necessary or unless [the claimant] say[s] that [her] disability began less than 12 months before [she] filed [her] application." 20 C.F.R. § 404.1512(b)(1).

Weeks contends that the ALJ erred by not addressing her medical records prior to 2015, including records related to a tendon release surgery for carpal tunnel syndrome on her right wrist in 2008, and her cervical fusion surgery in 2013. Doc. 9 at 16. This contention is unavailing because those records predate her alleged disability onset date by two to seven years, and, therefore, do not reflect Weeks's condition during the relevant time period. And, the regulations provide that the ALJ does not need to develop a claimant's medical history before her alleged onset date. *See* 20 C.F.R. § 404.1512(b)(1). Thus, the ALJ properly did not consider Weeks's surgery for carpal tunnel syndrome and her cervical fusion surgery.

Weeks also contends that the ALJ erred by failing to consider her carpal tunnel syndrome a severe impairment. *See* doc. 9 at 14, 16. The ALJ recognized that Weeks has carpal tunnel syndrome, but did not find it constituted a severe impairment because the ALJ found "no evidence that the [Weeks's] carpal tunnel syndrome meets the durational requirements for severity during the period in question as there is no indication that she has been suffering from this condition for 12 months or more." R. at 18. *See also* 20 C.F.R. § 404.1509. But, Weeks's medical records from the relevant time period reflect that (1) she complained of pain in her hands in 2016, (2) a nerve conduction study in May 2017 revealed that Weeks had carpal tunnel syndrome in her left wrist, and (3) Weeks reported to Dr. Phillip Maddox in August 2017 that she had experienced pain in her left hand for about two

years. R. 389, 570, 651. In addition, Weeks testified that she had carpal tunnel release surgery on her left hand in October 2017. R. 19, 36, 45. This evidence indicates that, contrary to the ALJ's finding, Weeks's carpal tunnel syndrome in her left wrist did in fact meet the durational requirement. Still, the ALJ's error as to the duration is harmless because the ALJ found at Step Two that Weeks had three severe impairments and, therefore, continued to Step Three. *See* R. 18; *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 952 (11th Cir. 2014) (citations omitted); *Himes v. Comm'r of Soc. Sec.*, 585 F. App's 758, 763 (11th Cir. 2014). In other words, even assuming that Weeks's carpal tunnel syndrome is a severe impairment, the ALJ's recognition of that fact would not have changed her analysis at Step Two. And, Weeks has not cited any evidence or argued that her carpal tunnel syndrome meets the requirements of the listing. *See* doc. 9. Moreover, the ALJ discussed medical records from the relevant time relating to Weeks's carpal tunnel syndrome and included a limitation restricting Weeks to lifting or carrying twenty pounds occasionally and ten pounds frequently, which suggests that the ALJ considered Weeks's carpal tunnel syndrome in formulating her RFC. *See* R. 18-24.

To summarize, the ALJ's decision reflects that she properly considered the combined effects of Weeks's impairments during the relevant time. And, even if the ALJ erred by not considering Weeks's carpal tunnel syndrome a severe impairment, the error is harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

### B. Whether the ALJ assigned proper weight to the opinions of Weeks's treating physicians

Next, Weeks contends that the ALJ did not properly weigh the opinions of her treating physicians. Doc. 9 at 17-20. Generally, the opinions of a claimant's treating physician "'must be given substantial or considerable weight unless "good cause" is shown to the contrary.'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2003) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). And, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Id.* (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). But, not all medical records and treating notes are medical opinions. *See id.*; 20 C.F.R. § 404.1527(a)(1). Instead, "[m]edical opinions are statements from acceptable medical sources that reflect judgment about the nature and severity of [a claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restriction." 20 C.F.R. § 404.1527(a)(1).

Weeks contends the ALJ erred by not explicitly stating the weight given to the purported opinions of her treating physicians, Drs. Phillip Maddox, Cheng Tao,

11

Craig Lincoln, Rashiba Abbas, Joel Powell, Deepak Sree, and Ahmad Shiktholth. Doc. 9 at 18.[4] The ALJ thoroughly discussed Weeks's medical records from these treating physicians for the relevant time between the alleged onset date through the date of her decision, but failed to explicitly state the weight she gave to any of the records. R. 18-24. According to Weeks, reversal and remand are warranted in light of that failure. Doc. 9 at 17-20. However, Weeks does not identify what notes or statements in the medical records qualify as medical opinions, or identify the evidence that the ALJ purportedly failed to consider from the relevant time period. *See id.* at 6-12, 17-20. In addition, most of the medical notes that Weeks argues the ALJ failed to properly weigh from the relevant time period reflect either Weeks's own descriptions of her symptoms or the results of examinations or tests, and, therefore, the notes do not qualify as medical opinions. *See id.* at 6-12; 20 C.F.R. § 404.1527(a)(1).

The only medical note Weeks cites from the relevant time that reflects a physician's judgment about the nature and severity of her impairments is Dr. Abbas's note that Weeks's varicose veins significantly interfere with activities of daily living. *See* R. 589; doc. 9 at 10. But while the ALJ did not state explicitly the weight she gave to this opinion, consistent with that opinion, however, the ALJ

---

[4] Weeks also faults the ALJ for not discussing medical records dated between 2008 and 2014. Doc. 9 at 18. But, as discussed above, the ALJ did not need to develop the record predating her alleged onset date in October 2015. *See* 20 C.F.R. § 404.1512(b)(1); p. 9, *supra*.

12

found that Weeks's varicose veins in the bilateral lower extremities are a severe impairment that significantly limits her ability to perform basic work activities. R. 17. This indicates that the ALJ gave substantial or considerable weight to Dr. Abbas's opinion. On the other hand, in the cases Weeks cites for the proposition that an ALJ's failure to state the weight given to a physician's opinion requires remand, the ALJ rejected the opinion without specifying the weight she gave the opinion or giving adequate reasons for rejecting or discounting the opinion. *See Winschel*, 631 F.3d at 1179; *Lewis v. Callahan*, 125 F.3d 1436, 1440-41 (11th Cir. 1997); *Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985); *McClurkin v. Soc. Sec. Admin*, 625 F. App'x 960, 962 (11th Cir. 2015); *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 764-66 (11th Cir. 2014); *Hippe v. Colvin*, 2017 WL 695248, at *4 (M.D. Fla. Feb. 22, 2017). Thus, this case is distinguishable from the cases Weeks relies on to support her argument for remand, and Weeks has not shown that the ALJ's failure to state the weight given to Dr. Abbas's opinion requires remand.

Because the ALJ thoroughly discussed all of the relevant medical evidence and explained why she found the evidence inconsistent with Weeks's allegations of disability, *see* R. 18-24, the ALJ stated "with at least some measure of clarity the grounds for [her] decision," *Winschel*, 631 F.3d at 1179. Moreover, the ALJ's decision reflects that she gave considerable weight to Dr. Abbas's opinion, *see* R. at 17, and remanding the case for the ALJ to explicitly state the weight she gave the

opinion would serve no purpose. Remand is also not warranted because the court is able to determine from the decision that the ALJ's "ultimate decision on the merits of the claim is rational and supported by substantial evidence," *Cowart*, 662 F.2d at 735, and the ALJ's failure to state the weight given to Dr. Abbas's opinion is harmless error, *see Colon v. Colvin*, 660 F. App'x, 869 (11th Cir. 2016) (citing *Diorio*, 721 F.2d at 728).

    **C.    Whether the ALJ properly assessed Weeks's credibility and gave proper weight to her subjective complaints of pain**

Finally, Weeks contends that severe pain prevents her from working and that the ALJ did not properly consider her subjective complaints of disabling pain. Doc. 9 at 20-27. When, as here, a claimant alleges disability due to pain, she must present "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citation omitted). Thus, a claimant's "subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Id.* (citations omitted). However, an ALJ may discredit a claimant's subjective testimony of disabling pain and other symptoms if the ALJ clearly articulates her reason for doing so and substantial evidence supports the ALJ's finding. *Dyer*, 395 F.3d at 1210; *Wilson v. Barnhart*,

284 F.3d 1219, 1225 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

Here, Weeks testified that pain in her hands, neck, and back prevent her from working, she spends most of her days on the couch or recliner due to pain from osteoarthritis, she had to lay down three to four times a day for at least thirty minutes to an hour due to pain, and she can only sit in one position for approximately ten minutes before she has to move due to pain. R. at 46, 53-55. She also testified that she can only stand for approximately five minutes at a time, has trouble walking, and cannot walk around her block or for longer than ten minutes. R. at 54. In addition, Weeks testified that, due to pain in her hands, she cannot dress her herself or wash her own hair, that she takes pain medication, including Ultram, for pain relief, but cannot take opioids or anti-inflammatories due to the side effects they cause. R. at 52-53, 55, 57. Finally, Weeks claimed her pain level at the hearing was at an eight out of ten. R. at 56.

The ALJ considered this testimony and, applying the correct standard, found that Weeks's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Weeks's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." R. at 19. Weeks argues first that this finding ignores all of her medical records prior to

October 2015, which purportedly support Weeks's subjective testimony. Doc. 9 at 22. But, as noted previously, the ALJ is not required to develop the record prior to Weeks's alleged onset date, and the ALJ did not err by not explicitly considering medical records dated before October 3, 2015. *See* p. 9, *supra*; 20 C.F.R. § 404.1512(b)(1). And, Weeks's second argument—i.e., that the ALJ erred in reaching her finding regarding Weeks's subjective testimony because the record contains medical evidence that is consistent with Weeks's testimony regarding her pain and limitations, doc. 9 at 22-26—is unavailing. The issue before the court is whether substantial evidence supports the ALJ's decision, not whether the record may support a contrary finding. *See Martin*, 894 F. 2d at 1529 (citations omitted). Based on the record, the substantial evidence supports the ALJ's finding.

Finally, Weeks argues that that the ALJ erred by failing to evaluate her subjective testimony using the factors outlined in the applicable Social Security Rule. Doc. 9 at 20, 25-26.[5] Social Security Rule 16-3p provides seven factors an ALJ may consider when evaluating a claimant's subjective testimony, including the claimant's daily activities, "[t]he location, duration, frequency, and intensity of pain or other symptoms," the medication the claimant takes or has taken to alleviate her

---

[5] Weeks cites to SSR 96-7p, *see* doc. 20, 25-26, but SSR 16-3p superseded SSR 96-7p before Weeks filed her application for benefits, *see* Soc. Sec. Ruling 16-3p (S.S.A. Oct 25, 2017), 2017 WL 5180304, at *1. SSR 16-3p eliminates the term "credibility" from social security policy but does not change the factors that an ALJ should consider when examining a claimant's subjective pain testimony. *See id.*, at *2-3, 7-8.

16

pain, the treatment a claimant receives for relief of pain, and any other measures the claimant uses to relieve pain. 2017 WL 5180304, at *7-8. In applying these factors, the ALJ first noted that in Weeks's function report, Weeks reported that her daily activities include folding laundry, loading the dishwasher, and dropping her granddaughter off at school, and that she goes grocery shopping once a week for about an hour, eats out once a week, and attends church. R. at 19, 222-29. As the ALJ noted, Weeks also told a physician that she can walk approximately half a mile, and her physicians recommended that she maintain an exercise program during the relevant period. *See* R. 420-21, 478, 481, 492, 298, 557, 563, 581, 586, 635, 637, 641, 646. All of this evidence contradicts Weeks's testimony that she cannot walk farther than one block, sit for more than ten minutes, or stand for more than five minutes at a time.

Next, with respect to Weeks's back pain, although Weeks reported to Dr. Lincoln in November 2015 that her pain was a seven out of ten, a lumbar MRI at that time was relatively normal, and Dr. Lincoln believed that Weeks "should do pretty well overall" with physical therapy.[6] R. 322-26. In visits to Dr. Shikh in 2017, Weeks acknowledged her "pain had been intermittent," and she reported 50% and 80% pain improvement in her back following medial branch blocks. R. at 487-

---

[6] Weeks contends that physical therapy failed to provide relief, *see* doc. 9 at 9, but the record does not contain any medical records from a physical therapist, *see* R. 275-738, and Weeks does not cite any objective medical evidence to support her contention, doc. 9.

17

89. With respect to Weeks's pain in her hands, a nerve conduction study in 2017 revealed Weeks had no neuropathy in her left hand, and no carpal tunnel syndrome in her right hand. R. at 577. And, as the ALJ noted, Weeks's treating physicians routinely noted that she had normal gait and no sensory or motor deficits, and no treating physician recommended bed rest or any other restriction on Weeks's daily functioning during the relevant time period. *See* R. at 23, 315-738. Also, the record contains no mention of or recommendation for the use of an assistive device for ambulation in spite of Weeks's testimony regarding her alleged extreme exertional limitations. *See* R. 315-738. Furthermore, aside from Weeks's tendon release surgery on her left hand, her physicians treated her conditions with conservative measures such as Tylenol, nerve blocks, compression stockings, and a wrist splint. *See* R. 393, 422, 437.

To close, the ALJ considered all of the records from the relevant time and concluded that Weeks's complaints of pain were inconsistent with her activities of daily living, statements to doctors, and the objective medical record. R. 18-24. The ALJ adequately explained her reasons for discrediting Weeks's subjective complaints of pain, and substantial evidence supports her finding. Thus, while it is clear that Weeks has suffered for years from pain in her hands, neck, back, and legs, and the record may support a contrary finding, because the ALJ applied the correct legal standards and reached a decision that is supported by substantial evidence, the

court may not second guess the ALJ's decision to discount Weeks's subjective complaints of pain. *See Martin*, 894 F.2d at 1529.

## VI. CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Weeks is not disabled is supported by substantial evidence, and that the ALJ applied the proper legal standards in reaching her decision. Therefore, the Commissioner's final decision is due be affirmed. The court will enter a separate order in accordance with this memorandum opinion.

**DONE** the 4th day of December, 2019.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE